## AFFIDAVIT

I, Matthew Ekstrom, being duly sworn, declare and state as follows:

### INTRODUCTION

1.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed for approximately twenty years. In my capacity as a Special Agent, I am familiar with the federal laws relating to federal firearms and controlled substance violations, have been trained in the investigation of violations of said laws, and have participated in such investigations.

2.  This affidavit is submitted to show that probable cause exists to believe that Nicholas BAKER, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, and knowingly and willfully possessed with the intent to distribute fentanyl, a Schedule II controlled substance, in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a), respectively.

3.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant. It does not purport to set forth all of my knowledge of, or investigation into, this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### PROBABLE CAUSE

4.  I have reviewed a report prepared by Brattleboro, Vermont Police Department (BPD) Detective Sergeant Joshua Lynde, and spoken with other BPD officers about this incident. Based on the foregoing, I learned the following:

a. On August 19, 2022, at approximately 9:00 PM, BPD officers responded to a 911 call about a shooting at 1336 Putney Road, Great River Terrace #102, Brattleboro, Vermont. Upon arrival, officers observed a male whose identity is known to law enforcement (Victim #1) on the lawn in front of apartments #100 and #102. Victim #1 was unresponsive and actively bleeding. Victim #1 later died.

b. Officers identified Nicholas BAKER as the 911 caller and resident of apartment #102. BAKER told Det. Sgt. Lynde the following:

i. Victim #1 had forced his way into BAKER's apartment unannounced and attacked BAKER. A pistol fell from Victim #1's pocket during the attack. BAKER picked up the gun and shot Victim #1 three times. After being shot, Victim #1 jumped out the window. BAKER stated he did not know Victim #1 and did not know why Victim #1 would attack him.

ii. The pistol BAKER used in the shooting was inside his apartment.

c. Officers entered BAKER's apartment and recovered a Bersa model BP9CC 9mm pistol, serial number K94815.

d. After assisting with securing the scene, Det. Sgt. Lynde interviewed BAKER in a BPD vehicle on the property. During this interview, which was audio recorded, BAKER disclosed the following:

i. After BAKER arrived home to his apartment at #102 Great River Terrace, Victim #1 came to his residence acting in a threatening manner towards BAKER. Victim #1 grabbed him and they began to physically fight one another. BAKER fell to the ground and noticed a gun fall out of Victim #1's pocket. BAKER pointed the gun at Victim #1 and told him to get out of his residence. Victim #1 chuckled and came towards BAKER.

BAKER pulled the trigger of the gun an unknown number of times. Victim #1 ran and jumped out the window of the residence.

        ii.        BAKER provided written consent to search his residence.

    e.        On August 20, 2022, the Vermont State Police Crime Scene Unit conducted a search of BAKER's residence. During this search, among other items, law enforcement recovered a blue, plastic Bersa pistol box with a manufacturer sticker for a Bersa model BP9CC 9mm pistol, serial number K94815, which matched the pistol recovered by law enforcement in the apartment after the shooting.

    f.        On August 20, 2022, BPD Officers arrested BAKER for violation of probation. A search incident to arrest resulted in the recovery of approximately 50 glassine bags of suspected fentanyl from BAKER's person. On August 22, 2022, a field test of the glassine bags was positive for the presence of fentanyl.

5.        As part of this investigation, ATF Special Agent Eric Brimo, a designated ATF interstate nexus expert, reviewed the Bersa model BP9CC 9mm pistol, serial number K94815. SA Brimo determined it was manufactured outside the State of Vermont and that by its presence in Vermont, the pistol must have travelled across state lines affecting interstate commerce.

6.        On August 22, 2022, I reviewed Vermont Criminal Information Center criminal history records for BAKER. Those records show BAKER was convicted of the following felony offenses:

    a.        January 5, 2017 - Marijuana – Cultivation, felony conviction, Windham County District Court docket number 1092-8-14 – sentenced to 59-60 days incarceration; and

b. October 12, 2018 – Aiding in the Commission of a Felony, felony conviction, Windham County District court docket number 305-3-18 – sentenced to incarceration for 4-6 years, all suspended with probation except 60 days.

## **CONCLUSION**

7. For the reasons outlined above, I believe there is probable cause to believe that (1) on August 19, 2022, Nicholas BAKER violated Title 18, United States Code, Section 922(g)(1), by knowingly possessing the Bersa model BP9CC 9mm pistol, serial number K94815, while knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and (2) on August 20, 2022, BAKER violated Title 21, United States Code, Section 841(a)(1), by knowingly and intentionally possessing with intent to distribute fentanyl, a Schedule II controlled substance.

Respectfully submitted,

Matthew Ekstrom
ATF Special Agent

Subscribed and sworn to before me on this 23 day of August, 2022.

HON. GEOFFREY W. CRAWFORD
Chief United States District Judge
District of Vermont